**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JEFFERY WEAVER,**

            **Plaintiff(s),**             **CASE NUMBER: 07-12316**
                                              **HONORABLE VICTORIA A. ROBERTS**

**v.**

**MICHIGAN DEPARTMENT OF**
**CORRECTIONS,**

            **Defendant(s).**
_____/

**ORDER**

On July 6, 2007, the Court dismissed Plaintiff Jeffery Weaver's Complaint against the Michigan Department of Corrections ("MDOC"), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because the MDOC is immune from suit. Order Granting *In Forma Pauperis* Status and Dismissing Complaint, July 6, 2007. The Court also noted that "Plaintiff failed to allege facts in support of the claimed violations of 42 U.S.C. §1983 or which establish that Plaintiff has standing to bring suit." *Id.*

Plaintiff now requests leave to file an amended complaint and for appointment of counsel. He wishes to amend his Complaint to add the individuals who he believes are the proper Defendants--the Director of the MDOC, Patricia L. Caruso, and the Warden of the St. Louis Pine River Correctional Facility, Percy Connerly.

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." However, the Court may refuse to allow a Plaintiff to amend if it would be futile. *Foman v Davis*, 371 U.S. 178, 181 (1962); *Crawford v Roane*, 53 F.3d

1

750, 753 (6th Cir. 1995). A claim is futile if it would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Rose v Hartford Underwriters Ins Co*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff's proposed amendment would be futile because it would not correct all of the deficiencies. In addition to Plaintiff's failure to name a viable Defendant, he also failed to allege facts which establish a claim under 42 U.S.C. §1983 or which establish that he suffered a cognizable injury. That is, Plaintiff only alludes to the basis of his claims in his request for relief where he states:

> 1) Petitioner requests Permanent injunction against the [MDOC] from using the Illegally amended Administrative Rules and enforcing [MDOC] Policy Directive 03.03.105.
>
> 2) Petitioner has been charged under the falsely applied policy and Administrative Rule, that he contends that the Department has violated his Due Process Rights as guaranteed by the Michigan and United States Constitutions . . . .

Complaint at p. 1. However, it seems that MDOC Policy Directive 03.03.105 only addresses a prisoner's appeal rights following conviction on a major or minor misconduct charge. *See Lee v Unknown Palus*, 2005 W.L. 2253582 (W.D. Mich. 2005). What Plaintiff finds objectionable about the policy is not apparent, nor does he indicate what charges where allegedly falsely brought against him and the relationship between the charges and MDOC Policy Directive 03.03.105. Consequently, even if Caruso and Connerly are proper Defendants, their addition does not cure the deficiencies in the substance of Plaintiff's allegations.

*Pro se* complaints are to be liberally construed and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v Gamble,* 429

2

U.S. 97, 106 (1976)(*quoting Haines v Kerner*, 404 U.S. 519 (1972)). But, even with a generous reading of Plaintiff's Complaint and the proposed amendments, the Court is unable to discern a viable cause of action. Therefore, Plaintiff's request to amend his complaint is **DENIED** and his request for appointment of counsel is deemed **MOOT**.

    **IT IS SO ORDERED.**

                                                          S/Victoria A. Roberts
                                                          Victoria A. Roberts
                                                          United States District Judge

Dated: July 23, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on July 23, 2007.

s/Carol A. Pinegar
Deputy Clerk

---